UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JAMES PULL,<br><br>           Plaintiff,<br><br>   v.<br><br>DEPUTY BAILIFF HARBOUR, et. al,<br><br>           Defendants. | Case No. 1:22-cv-01422-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Edward James Pull ("Plaintiff"), proceeding pro se, initiated this civil action on November 4, 2022 and paid the filing fee on December 7, 2022. Plaintiff's complaint was screened, and he was granted leave to amend. Plaintiff's first amended complaint, filed on January 6, 2023, is currently before the Court for screening. (Doc. 13.)

**I.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff's first amended complaint does not have a caption and does not list any defendants by name. Plaintiff alleges as follows:

> On April 19, 2019, Deputy Bailiff Harbour being by deliberately indifferent towards my physical, emotional, and mental well being by purposefully reading documentation in a trial setting that she is not supposed to and telling other Agents of the court what was in those documents and not saying her misconduct for over three days has caused physical damage to me by having extremely high blood pressure, becoming obese from depression, and inmates/detainees physically assaulting me over the past year when after any rights were violated for a fair trial I should have been free already enjoying life.  By Deputy Bailiff Harbour being deliberately indifferent toward my mental health well being by her violating, I have wanted to commit suicide for months at a time because of such injustice in the American so called justice system, and emotionally by becoming easily agitated and crying for either thinking I am going to die in here or be abused even more than I have. By Deputy Bailiff Harbour being the on duty representation of the Sheriff has by her actions, by being deliberately indifferent toward me as the detainee/inmate has enacted and violated Estelle v. Gambel, 1976 that specifically that that it is cruel and unusual punishment under the 8th Amendment when being detained or in a prison or jail setting being treat this way by prison/jail personnel.  By Deputy Bailiff Harbor being the on duty jail personnel at my trial she is the one at fault for the deprivation of my right under the color of law at my trial and she had no immunities

when on duty and violated my rights while I was in my trial.   [edited for spelling]

As remedies, Plaintiff seeks compensatory and punitive damages and criminal prosecution of Deputy Bailiff Harbour.

### III.     Discussion

Despite being provided the relevant legal and pleading standards in the case, Plaintiff has been unable to cure the deficiencies.

#### A.     Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also *Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly allege what happened. As Plaintiff was informed, Plaintiff must state sufficient factual support for each claim. Plaintiff was informed that if he filed an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.  Plaintiff has been unable to cure this deficiency.

#### B.     Federal Rule of Civil Procedure 10

The complaint's caption must contain the names of the defendants discussed in the body of the complaint. See Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint). The Court cannot have the complaint served on any of the parties discussed in the body of the Complaint. *See Soto v. Bd. of Prison Term*, No. CIV S-06-2502 RRB DAD P, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007) (The Court cannot order service of the Complaint without the names of the parties included in the caption of the

Complaint). Rule 10 of the Federal Rules of Civil Procedure requires, among other things, that a complaint (a) state the names of "all the parties" in the caption; and (b) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10; *Callahan v. Unknown*, No. 1:22-CV 00221 BAM PC, 2022 WL 1215260, at *3 (E.D. Cal. Apr. 25, 2022), report and recommendation adopted, No. 1:22-CV-221 JLT BAM, 2022 WL 1782559 (E.D. Cal. June 1, 2022); *Thomas v. Weaver*, No. 1:22-CV-01492-BAM, 2022 WL 17822132, at *3 (E.D. Cal. Dec. 20, 2022) (same).

Plaintiff's first amended complaint fails to comply with Rule 10, but it appears he intends to name as the sole defendant, Deputy Bailiff Harbour. In light of Plaintiff's pro se status, the Court will screen the complaint as to Defendant Deputy Bailiff Harbour.

**C.    *Heck* Bar**

Plaintiff may be attempting to challenge events of his conviction. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration*." Id.* at 81–82.

Plaintiff's damages allegations implicate the validity of his conviction. However, Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

4

issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

### D.      Habeas Corpus

To the extent that Plaintiff is attempting to challenge the validity of his conviction, the duration of conviction, or his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus. As stated above, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### E.      Criminal Prosecution

Plaintiff seeks criminal prosecution of Defendant Deputy Bailiff Harbour. As a private citizen, Plaintiff has no authority to criminally prosecute anyone. *Turner v. Salorio*, No. 1:19-cv-01620-DAD-BAM (PC), 2020 WL 1974207, at *3 (E.D. Cal. Apr. 24, 2020); *Smith v. Scott*, No. 1:21-CV-1614 DAD BAM, 2022 WL 1228781, at *3 (E.D. Cal. Apr. 26, 2022), report and recommendation adopted, No. 1:21-CV-01614 DAD BAM, 2022 WL 1665170 (E.D. Cal. May 25, 2022).  This defect cannot be cured.

### F.      Sixth Amendment

A Section 1983 claim for violation of the Sixth Amendment rights during trial is not properly brought where the plaintiff has not shown that his conviction has been invalidated. *Trimble v. City of Santa Rose*, 49 F.3d 583, 585 (9th Cir. 2004) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1944)).

### G.      Eighth Amendment

Plaintiff alleges that defendants violated his rights under the Eighth Amendment by the trial violation.  The Eighth Amendment prohibits excessive bail, fines or cruel and unusual punishment. U.S. Const. amend. VII. These protections were designed to protect those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) (The Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Plaintiff's

complaint includes no factual allegations indicating that he is entitled to Eighth Amendment protections as he is challenging pre-conviction conduct.

### H. Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A violation of the Fourteenth Amendment is not properly brought where the plaintiff has not shown that his conviction has been invalidated. Moreover, it appears from the limited allegations that the purported wrongful conduct is "purposefully reading documentation in a trial setting that she is not supposed to and telling other Agents of the court what was in those documents and not saying her misconduct for over three days." Any such Due Process claim arising from the fairness of Plaintiff's criminal trial resulting in his conviction cannot be brought in a §1983 case.

### I. State Law Claims

To the extent Plaintiff is attempting to assert state law claims, the Court declines to screen them in the absence of a cognizable claim for relief under federal law. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

### IV. Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

6

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 13, 2023**            /s/ Barbara A. McAuliffe            
                                                    UNITED STATES MAGISTRATE JUDGE