UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JAMES PULL, | No. 1:22-cv-01422-JLT-BAM |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION |
| v. | |
| DEPUTY BAILIFF HARBOUR, et al., | (Doc. 15) |
| Defendants. | |

On January 13, 2023, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed for failure to state a cognizable claim upon which relief may be granted. (Doc. 15.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within 14 days after service. (*Id.*) Plaintiff filed objections on January 30, 2023.[1] (Doc. 16.)

According to 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the

---

[1] Plaintiff also seeks the appointment of counsel, but he does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. To determine whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted). Given the Court's screening order, there is no indication that Plaintiff is likely to succeed on the merits. There also is no indication in the record that Plaintiff has been unable to articulate his claims pro se, albeit with assistance.

case. Having carefully reviewed the entire file, including the objections, the Court finds that the findings and recommendations are supported by the record and proper analysis. Plaintiff's objections are an apparent attempt to plead additional facts to state a cognizable claim for relief. (Doc. 16.) These additional facts are not sufficient to state a claim under 42 U.S.C. § 1983. To the extent Plaintiff's allegations suggest a challenge to ongoing criminal proceedings in state court, any such claim is barred under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18-cv-0054-EFB P, 2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019). "Further, the *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution." *Id.* (citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986)). Insofar as Plaintiff is seeking to challenge prior convictions in state court, a civil rights action is not the appropriate method for asserting such a challenge; rather, Plaintiff must seek relief in state court or by way of a petition for writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Thus, the Court **ORDERS**:

1. The findings and recommendations issued on January 13, 2023 (Doc. 15) are **ADOPTED IN FULL.**
2. This action is **DISMISSED**, without prejudice, for failure to state a cognizable claim upon which relief may be granted under 42 U.S.C. § 1983.
3. The Clerk of the court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 1, 2023**

UNITED STATES DISTRICT JUDGE

2